UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:18-cv-00485-BJD-PDB

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.
_____

WELLS FARGO BANK, N.A.,

Plaintiff in Counterclaim,

v.

HARTFORD FIRE INSURANCE COMPANY,

Counterclaim Defendant.

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND
DEMAND FOR JURY TRIAL**

Defendant and Plaintiff-in-Counterclaim Wells Fargo Bank, N.A. ("Wells Fargo") hereby submits this Answer, Affirmative Defenses, and Counterclaim to Plaintiff and Counterclaim Defendant Hartford Fire Insurance Company's ("Hartford") Complaint for Declaratory Judgment (the "Complaint").

**WELLS FARGO'S ANSWER TO COMPLAINT**

**INTRODUCTION**

1. Wells Fargo admits that this is an insurance coverage dispute involving a lawsuit captioned *Valerie Rhodes v. Wells Fargo Bank, N.A.*, Case No. 2:17-cv-00093 (E.D. Wash.) (the

"*Rhodes* Lawsuit").  Wells Fargo further answers that the allegations in the *Rhodes* Lawsuit speak for themselves.  To the extent a further answer is required, Wells Fargo denies the remaining allegations of Paragraph 1 of the Complaint.

2. Wells Fargo admits that Hartford issued insurance policies to Fidelity National Financial, Inc. ("Fidelity National") that provide coverage to Wells Fargo.  Wells Fargo further admits that ServiceLink Field Services, LLC ("ServiceLink") performed field services for Wells Fargo pursuant to a series of written agreements.  Wells Fargo further admits that on or about September 26, 2017, Wells Fargo demanded defense and indemnification from ServiceLink pursuant to those agreements.

3. Wells Fargo admits Paragraph 3 of the Complaint.

4. Wells Fargo admits Paragraph 4 of the Complaint.

5. Wells Fargo admits Paragraph 5 of the Complaint.

## THE PARTIES

6. Upon information and belief, Wells Fargo admits the allegations in Paragraph 6 of the Complaint.

7. Wells Fargo admits that it is a National Banking Association chartered in South Dakota and that it has offices in San Francisco.  Wells Fargo further admits that it transacts business in the state of Florida.  To the extent a further response may be required, Wells Fargo denies the remaining allegations of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Wells Fargo admits the allegations of Paragraph 8 of the Complaint.

9. Wells Fargo admits the allegations of Paragraph 9 of the Complaint.

10. Wells Fargo admits the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required from Wells Fargo. To the extent a response may be required, Wells Fargo states that the law on venue speaks for itself, and it denies any and all allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

### The *Rhodes* Lawsuit

12. Wells Fargo admits that it services mortgage loans subject to "deeds of trust" or mortgage. The deeds of trust speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

13. Wells Fargo admits the allegations of Paragraph 13 of the Complaint.

14. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

15. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

16. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

17. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

18. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves and Wells Fargo denies any and all allegations inconsistent therewith.

19. The allegations regarding the notice filed in the *Rhodes* Lawsuit speaks for itself, and Wells Fargo denies any and all allegations inconsistent therewith.

### The Hartford Policies

20. Paragraph 20 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a

response may be required, Wells Fargo admits that Hartford issued a series of policies to Fidelity National and its predecessor, Lender Processing Services, Inc., including: Policy No. 20 CSE R20202, issued to Lender Processing Services, Inc., for the policy period 7/1/2012 - 7/1/2013; Policy No. 20 CSE R20202, issued to Lender Processing Services, Inc., for the policy period 7/1/2013 - 7/1/2014; Policy No. 20 CSE C90920, issued to Fidelity National, for the policy period 1/1/2014 - 1/1/2015; Policy No. 20 CSE C91920, issued to Fidelity National, for the policy period 1/1/2015 - 1/1/2016; Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2015 - 11/15/2016; Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2016 - 11/16/2017; and, Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2017 - 11/16/2018 (collectively, the "Hartford Policies"). Wells Fargo denies the remaining allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

22. Paragraph 22 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 22 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

23. Paragraph 23 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 23 of the Complaint quotes

language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

24. Paragraph 24 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 24 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

25. Paragraph 25 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 25 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

26. Paragraph 26 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 26 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

27. Paragraph 27 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 27 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

28. Paragraph 28 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a

response may be required, Wells Fargo admits that Paragraph 28 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

29. Paragraph 29 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 29 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

30. Paragraph 30 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 30 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

31. Paragraph 31 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 31 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

32. Paragraph 32 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 32 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

33. Paragraph 33 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 33 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

34. Wells Fargo denies the allegations of Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 35 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

36. Paragraph 36 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 36 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

37. Paragraph 37 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 37 of the Complaint quotes language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

38. Paragraph 38 of the Complaint purports to describe documents that speak for themselves, and therefore no response is required from Wells Fargo. To the extent that a response may be required, Wells Fargo admits that Paragraph 38 of the Complaint quotes

language contained in the Hartford Policies. To the extent that a further response may be required, Wells Fargo denies any and all allegations inconsistent with the referenced documents.

39. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves as to their content, and Wells Fargo denies any and all allegations inconsistent therewith.

40. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves as to their content, and Wells Fargo denies any and all allegations inconsistent therewith.

41. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves as to their content, and Wells Fargo denies any and all allegations inconsistent therewith.

42. The allegations of the complaint in the *Rhodes* Lawsuit speak for themselves as to their content, and Wells Fargo denies any and all allegations inconsistent therewith.

43. Upon information and belief, Wells Fargo admits that Hartford received notice that Wells Fargo was seeking defense and indemnification from ServiceLink for the *Rhodes* Lawsuit. Wells Fargo lacks knowledge or information necessary to respond to the remaining allegations of paragraph 43.

44. Wells Fargo admits the allegation in Paragraph 44 of the Complaint that it disagrees with Hartford's contention that Hartford has no coverage obligation for the *Rhodes* Lawsuit.

## **FIRST COUNT**
*Declaratory Judgment*

45. Wells Fargo repeats the responses to Paragraphs 1 through 44 as if fully set forth herein.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is required from Wells Fargo. To the extent that a response may be deemed to be required, Wells

Fargo admits that an "actual controversy exists" between the parties to this insurance coverage action.

47. Paragraph 47 of the Complaint states legal conclusions to which no response is required from Wells Fargo. To the extent that a response may be deemed to be required, Wells Fargo admits the allegations in Paragraph 47 of the Complaint.

48. Wells Fargo denies the allegation in Paragraph 48 of the Complaint.

49. Wells Fargo denies the allegation in Paragraph 49 of the Complaint.

50. Wells Fargo denies the allegation in Paragraph 50 of the Complaint.

51. Wells Fargo denies the allegation in Paragraph 51 of the Complaint.

52. Wells Fargo denies the allegation in Paragraph 52 of the Complaint.

## **WELLS FARGO'S AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has, in whole or in part, failed to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Wells Fargo should be dismissed, in whole or in part, to the extent that Plaintiff has breached its obligation under the applicable insurance policies, applicable law and/or public policy.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover attorneys' fees, costs or expenses in this action pursuant to any rule, statute or other substantive law.

**SIXTH AFFIRMATIVE DEFENSE**

Wells Fargo reserves the right to amend and/or supplement these affirmative defenses to assert any and all relevant defenses ascertained through discovery or otherwise in this action.

**COUNTERCLAIM**

Wells Fargo Bank, N.A. (previously defined as "Wells Fargo") by way of counterclaim, states:

**Parties**

1.  Plaintiff-in-Counterclaim Wells Fargo is a National Banking Association chartered in Sioux Falls, South Dakota, and has it main offices in San Francisco, California.

2.  Upon information and belief, counterclaim defendant Hartford Fire Insurance Company (previously defined as "Hartford") is a Connecticut corporation with a principal place of business in Hartford, Connecticut.

**Jurisdiction**

3.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship because there is complete diversity of citizenship between Hartford and Wells Fargo, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

**The Underlying Action**

5.  On or about December 8, 2016, Valerie Rhodes filed a class action complaint against Wells Fargo in the Stevens County Superior Court styled *Valerie Rhodes v. Wells Fargo Bank, N.A.*, Case No. 2:17-cv-00093-SMJ, and Wells Fargo removed the case to the United States District Court for the Eastern District of Washington (previously defined as the "*Rhodes*

10

Lawsuit"). A true and accurate copy of the Complaint (excluding exhibits) in the *Rhodes* Lawsuit (the "*Rhodes* Complaint") is attached hereto as Exhibit A.

6. The *Rhodes* Complaint seeks relief for Valerie Rhodes herself and the putative class members under the theories of common law trespass; intentional trespass; violation of the Washington Consumer Protection Act; conversion; and injunctive relief. *Id*. at VII-X, and 6.17.

## The Hartford Policies

7. Hartford issued a series of commercial general liability policies to Fidelity National Financial, Inc. (previously defined as "Fidelity National") and its predecessor, Lender Processing Services, Inc., as follows: Policy No. 20 CSE R20202, issued to Lender Processing Services, Inc., for the policy period 7/1/2011 - 7/1/2012; Policy No. 20 CSE R20202, issued to Lender Processing Services, Inc., for the policy period 7/1/2012 - 7/1/2013; Policy No. 20 CSE R20202, issued to Lender Processing Services, Inc., for the policy period 7/1/2013 - 7/1/2014; Policy No. 20 CSE C90920, issued to Fidelity National, for the policy period 1/1/2014 - 1/1/2015; Policy No. 20 CSE C91920, issued to Fidelity National, for the policy period 1/1/2015 - 1/1/2016; Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2015 - 11/15/2016; Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2016 - 11/16/2017; and, Policy No. 20 CSE C90929, issued to Fidelity National, for the policy period 11/15/2017 - 11/16/2018 (collectively, the "Hartford Policies"). Upon information and belief, true and accurate copies of the Hartford Policies are attached hereto as Exhibit B.

8. The Hartford Policies are subject to occurrence and personal and advertising injury limits of $1,000,000, general aggregate limits of $10,000,000, and products-completed operations limits of $2,000,000. The policies issued to Lender Processing Services, Inc. for the policy periods 7/1/2011 - 7/1/2012, 7/1/2012 - 7/1/2013, and 7/1/2013 - 7/1/2014, are subject to a

11

deductible of $50,000 per occurrence and an aggregate deductible of $2,750,0000. The policies issued to Fidelity National are subject to a deductible of $500,000 per occurrence, and aggregate deductibles as follows: $16,750,000 for the 1/1/2014 -1/1/2015 policy; $14,350,000 for the 1/1/2015 - 1/1/2016 policy; $18,500,000 for the 11/15/2015 - 11/15/2016, 11/15/2016 - 11/15/2017, and 11/15/2017 - 11/15/2018 policies.

9. The Hartford Policies contain a General Liability Coverage Part, Section II -- Who is an Insured, which defines entities that may be entitled to coverage under the Hartford Policies, which provides as follows:

> 6. Additional Insureds When Required by Written Contract, Written Agreement or Permit
> 
> The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract [or] written agreement … that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.
> 
> f. Any Other Party
> 
> Any other person or organization who is not an insured under Paragraphs a. through e. above, but only with respect to liability for "bodily injury", "property damage" or "personal advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
> (1) In the performance of your ongoing operations;
>     ...
> (3) In connection with "your work" and included within the "products-complete operations hazard", but only if
>     (a) The written contract or agreement requires you to provide such coverage to such additional insured; and
>     (b) This Coverage Part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard" […].

Hartford Policies at § II, ¶ 6.

10. The Hartford Policies provide that Hartford will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or

"personal and advertising injury" to which the insurance applies, caused by an "occurrence" during the policy period.

11. The Hartford Policies further provide that Hartford will "have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* at § 1, ¶ 1(a).

12. "Bodily injury" is defined in the Hartford Policies as:

   a. Injury;
   b. Sickness; or
   c. Disease
   sustained by a person and, if arising out of the above, mental anguish or death at any time.

*Id.* at § V, ¶ 5.

13. "Property damage" is defined in the Hartford Policies as:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
   … .

*Id.* at § V, ¶ 20.

14. "Personal and advertising injury" is defined in the Hartford Policies as "injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral, written or electronic publication of material that violates a person's right of privacy;
   f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

13

      g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

      h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person."

*Id.* at § V, ¶ 17.

15. An "Occurrence" is defined in the Hartford Policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at § V, ¶ 16.

16. As a condition of insurance coverage, the Hartford Policies provide that notice is provided to Hartford "as soon as is practicable of an "occurrence" or an offense which may result in a claim." *Id.* at § IV, ¶ 2(a). The Hartford Policies further provide that if "a claim is made or suit is brought against any insured," the insureds must "notify [Hartford] as soon as practicable." *Id.* at ¶ 2(b).

## **Insurance Coverage for the *Rhodes* Lawsuit**

17. The allegations in the *Rhodes* Complaint seek to impose liability on Wells Fargo based on Lender Processing Services, Inc.'s property preservation activities.

18. Rhodes has alleged claims against Wells Fargo based on services performed by Lender Processing Services, Inc. and property damage caused by Lender Processing Services, Inc.

19. The *Rhodes* Lawsuit constitutes a covered "occurrence" under Hartford Policies and seeks damages for "bodily injury," "property damage," and "personal and advertising injury."

20. Wells Fargo is an "additional insured" under the Hartford Policies.

14

21. Wells Fargo provided timely notice to Hartford of the *Rhodes* Lawsuit. Upon information and belief, Hartford was aware of the *Rhodes* Lawsuit prior to Wells Fargo's provision of notice.

22. By letter dated April 12, 2018, Hartford denied coverage to Wells Fargo *Rhodes* Lawsuit.

23. On the same day, April 12, 2018, Hartford filed its complaint against Wells Fargo in this suit.

### COUNT I: DECLARATORY JUDGMENT

24. The allegations of Paragraphs 1 through 23 of this Counterclaim are repeated and realleged as if set forth fully herein.

25. An actual controversy exists between Hartford, on one hand, and Wells Fargo, on the other hand, any by the terms and provisions of Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

26. Wells Fargo seeks a judicial determination regarding the parties' respective rights and obligations under the Hartford Policies in connection with insurance coverage for the defense and indemnification by Hartford of Wells Fargo for the *Rhodes* Lawsuit.

27. Wells Fargo is an "additional insured" under the Hartford Policies with respect to the *Rhodes* Lawsuit.

28. The *Rhodes* Lawsuit seeks damages for "bodily injury," "property damage," and "personal and advertising injury," arising from a covered "occurrence" under the Hartford Policies.

29. Wells Fargo complied with the applicable conditions of the Hartford Policies, including by providing timely notice of the *Rhodes* Lawsuit.

15

30. Hartford has a duty to defend and indemnify Wells Fargo in connection with the *Rhodes* Lawsuit.

## COUNT II: BREACH OF CONTRACT

31. The allegations of Paragraphs 1 through 30 of this Counterclaim are repeated and realleged as if set forth fully herein.

32. The Hartford Policies constitute enforceable contracts between Wells Fargo and Hartford.

33. Pursuant to the Hartford Policies, Hartford is contractually obligated to provide insurance coverage to Wells Fargo for the *Rhodes* Lawsuit.

34. Wells Fargo complied with the Hartford Policies' conditions precedent to recovery.

35. Hartford has breached and will continue to breach its obligations, as set forth in the Hartford Policies, by denying coverage of the *Rhodes* Lawsuit.

36. As a result of the *Rhodes* Lawsuit, Wells Fargo has incurred, and will continue to incur substantial defense costs, and may incur additional amounts in settlement or judgment of the *Rhodes* Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo respectfully requests that judgment be granted in its favor as follows:

a. Declaring that Hartford is liable to Wells Fargo for all past and future indemnity and defense costs incurred by Wells Fargo in connection with the *Rhodes* Lawsuit;

b. A money judgment against Hartford for sums incurred by Wells Fargo in connection with the *Rhodes* Lawsuit;

c. Wells Fargo's attorneys' fees, costs, and expenses incurred in connection with this insurance coverage action to the extent permitted by law, including Fla. Stat. § 627.428;

d. Pre-judgment and post-judgment interest; and

e. Such other and further relief as this Court deems just and appropriate under these circumstances.

## DEMAND FOR JURY TRIAL

Wells Fargo hereby demands a jury trial on all issues.

Dated: June 4, 2018

Respectfully submitted,

**K&L GATES LLP**

*Counsel for Defendant and Plaintiff-in-Counterclaim*

/s/ Hayden P. O'Byrne
Hayden P. O'Byrne
Florida Bar No. 60024
K&L Gates LLP
Southeast Financial Center
200 S Biscayne Blvd, Suite 3900
Miami, FL 33131-2370
Telephone:  305-539-3381
Fax:           305-358-7095
Email: hayden.obyrne@klgates.com


Steven P. Wright, Esq. (*pro hac vice*)
David E. Fialkow, Esq. (*pro hac vice*)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone:     617-261-3100
Fax:               617-261-3175
Email: steven.wright@klgates.com
Email: david.fialkow@klgates.com

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served via CM/ECF on all counsel of record this 4th day of June, 2018.

## SERVICE LIST

Alison P. Baker, Esq.
abaker@goodwin.com
James P. Ruggiero, Esq.
jruggiero@goodwin.com
Joshua D. Weinberg, Esq.
jweinberg@goodwin.com
**SHIPMAN & GOODWIN LLP**
1875 K Street NW, Suite 600
Washington, DC 20006

*Counsel for Plaintiff and Counterclaim Defendant
Hartford National Fire Insurance*

*/s/ Hayden P. O'Byrne*
Hayden P. O'Byrne