Exhibit A

1    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

2    COUNTY OF STEVENS

3  VALERIE RHODES, a single woman, and  )  NO.
   on behalf of others similarly situated  )
4                                          )  COMPLAINT FOR CLASS ACTION
        Plaintiff,                         )  AND DAMAGES
5                                          )
       vs.                                 )
6                                          )
   WELLS FARGO BANK, NATIONAL              )
7  ASSOCIATION, a National Banking         )
   Association,                            )
8                                          )
        Defendant.                         )
9  _____)

10      Plaintiff, VALERIE RHODES, a single woman, and on behalf of others similarly

11  situated, through her attorneys of record, Jeffers, Danielson, Sonn & Aylward, P.S., by

12  Clay M. Gatens and Sally F. White, brings this Complaint for Class Action and Damages

13  against WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo" or

14  "Defendant"), and alleges as follows:

15      **I.      NATURE OF THE CASE**

16      1.1    Wells Fargo, one of the largest lending institutions in America, contracts

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 1
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1    with and employs agents throughout Washington to provide property inspection and

2    preservation services for homes located in Washington that are in default under the terms

3    of their loan agreement, but which homes have not been foreclosed upon.

4        1.2    Wells Fargo derives its purported authority to enter such homes via a form

5    deed of trust provision that is present in all of its contracts with borrowers.

6        1.3    That provision states, if the borrower abandons or vacates the residence,

7    then the lender (Wells Fargo) may do whatever is reasonable and appropriate to protect

8    the lender's interest in and secure the residence, including by entering the residence to

9    change the locks (the "Entry Provision").

10       1.4    Thus, upon a borrower's default, but prior to the conclusion of any

11   foreclosure proceedings, Wells Fargo or its agents act to determine the occupancy status

12   of properties, secure properties deemed vacant or abandoned, remove personal property

13   therefrom, and provide other so-called "property preservation services."

14       1.5    Such services include but are not limited to:  forcibly entering the property

15   to change locks, replace or board up doors and windows, drain water from pipes,

16   eliminate building or other code violations or dangerous conditions, and turn on or off

17   utilities.

18       1.6    During such entry, borrowers' real and personal property is often damaged

19   or converted by Wells Fargo or its agents.

20       1.7    On July 7, 2016, in *Jordan v. Nationstar Mortgage, LLC*, No. 92081-8, the

21   Washington State Supreme Court deemed the same form deed of trust provisions relied

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 2
1500793

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  upon by Wells Fargo unenforceable as contrary to Washington State law.  Exhibit D.

2  *Jordan* erodes any purported legal justification for Wells Fargo or its agents' presence on

3  borrowers' properties for the performance of such preservation activities.

4     1.8    However, setting aside the unenforceability of the form deed of trust

5  provisions, the provisions as written do not permit Wells Fargo or its agents' to damage,

6  destroy, or convert borrowers' property, and/or deny the full use and enjoyment of

7  borrowers' real and/or personal property prior to the completion of foreclosure.

8     1.9    Nevertheless, Wells Fargo has a common course of conduct whereby it

9  wrongfully and forcibly enters borrowers' properties prior to completion of a foreclosure

10  to perform destructive and disruptive acts, including destroying the borrower's existing

11  lock(s), removing the destroyed lock(s) from the home, damaging property inside the

12  home, and removing personal property from the home.

13     1.10    Thus, not only do Wells Fargo and/or its agents have no legal right to be

14  present on borrowers' properties in advance of the completion of foreclosure

15  proceedings, but Wells Fargo and/or its agents regularly act beyond the scope of the

16  unenforceable and illegal form deed of trust provisions they rely upon.

17     1.11    As detailed herein, Wells Fargo's common acts and practices constitute

18  common law trespass, intentional trespass, conversion of property, and violate

19  Washington's Consumer Protection Act ("CPA") (RCW 19.86, *et seq.*), all in violation of

20  Washington State law.

21

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 3
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

## II.    PARTIES

2.1    <u>Representative Plaintiff Valerie Rhodes.</u>    VALERIE RHODES ("Ms. Rhodes"), a single woman, at all times material hereto owned a single family home located at 4591 Sherman Road, Deer Park, Washington 99006 (the "Rhodes Property").

2.2    Ms. Rhodes has agreed to act as Class representative in this matter as "Plaintiff Rhodes" or "Representative Plaintiff Rhodes."

2.3    <u>Defendant.</u>  Defendant is, and at all times relevant hereto was, a federally-chartered National Banking Association that is organized and exists under the National Banking Act, with its principal place of business located in Sioux Falls, South Dakota.

2.4    Wells Fargo provides personal, small business, and commercial banking services.  It offers personal accounts and services, such as checking accounts, savings accounts and CDs, debit and prepaid cards, and credit cards; foreign exchange, online banking, online bill pay, transfer, mobile banking, and global remittance services; identity theft protection plans; mortgage loans, home equity lines and loans, personal lines and loans, student loans, and auto loans; auto, specialty vehicle, life, homeowners', renters', and umbrella liability insurance solutions; and wealth management and investing solutions.

2.5    Wells Fargo regularly transacts business throughout the state of Washington and Stevens County, Washington.

2.6    Defendant Wells Fargo is a wholly-owned subsidiary of Wells Fargo & Company (NYSE: WFC), which boasts online that it is "one of the nation's largest

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

financial institutions." *See* https://www.wellsfargodealerservices.com/. Wells Fargo & Company has $1.9 trillion in assets and provides banking, insurance, investments, mortgage, and consumer and commercial financial services through more than 8,600 locations, 13,000 ATMs, online (wellsfargo.com), and mobile devices. *See* https://www08.wellsfargomedia.com/assets/pdf/about/corporate/wells-fargo-today.pdf. Wells Fargo & Company reports that, at the end of second quarter 2016, it ranked third in assets among U.S. banks and was the world's most valuable bank by market capitalization. *Id.* Wells Fargo & Company states that it does business with 70 million customers and one in three U.S. households, and has approximately 268,000 team members in 36 countries and territories across its more than 90 businesses. *Id.*

2.7    Wells Fargo & Company reports that it is an industry leader and "#1" as a "Home loan originator to minority and low- to moderate-income homebuyers, and in low- to moderate-income neighborhoods," based on 2015 HMDA data. *Id.* It further advertises itself as "#1" as a "Home loan servicer," based on 1Q16 *Inside Mortgage Finance. Id.* It further boasts it was ranked "#1" as "U.S. Bank Lender of the Year (2014-2015)" by Real Estate Capital Awards, and "#1" as "Asset-based Lender of the Year (2015)" by *Real Deals. Id.* And it lists itself as "#1" as an "Affordable housing lender (2015)" by MBA Commercial/Multifamily Origination Rankings. *Id.*

2.8    Defendant Wells Fargo owns a variety of divisions, including Wells Fargo Home Mortgage and Wells Fargo Dealer Services (self-proclaimed "one of the nation's leading auto lenders" – *see*

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 5
1360702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   https://www.wellsfargodealerservices.com/AboutWFDS/CorporateProfile/default.asp).

## III.   JURISDICTION AND VENUE

3.1   This is an action for damages.  Jurisdiction and venue are appropriate in this Court pursuant to RCW 4.12.010 and RCW 4.12.020.

## IV.   BACKGROUND REGARDING WELLS FARGO'S COMMON POLICIES AND PRACTICES

### *Wells Fargo's Unfair and Deceptive Business Practices*

4.1   Wells Fargo's entry upon a residential property usually begins once a homeowner becomes delinquent or defaults on his or her mortgage.

4.2   Upon a Washington borrower's delinquency or default, pursuant to its form deed of trust provision in its contracts with all borrowers, Wells Fargo will instruct an agent to inspect the home to determine its occupancy status.

4.3   Wells Fargo does not instruct its agents on making determinations or distinctions between "vacant" homes versus "abandoned" homes, and does not provide its agents with clear standards for determining the occupancy status of the home.

4.4   Once the home is deemed "vacant" or "abandoned," Wells Fargo will instruct its agent to forcibly enter the home and perform services, such as securing the home by boarding up the doorway or windows, turning off utilities to the home, and placing lockboxes or padlocks on the doors to the home.

4.5   Such common instructions also include that the agent should forcibly enter the home to perform destructive acts, including destroying and removing existing lock(s) on a home, damaging doors or smashing windows if necessary for entry, and removing

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 6
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  personal property found in the home.

2      4.6    These common actions result in damage to the borrower's real and

3  personal property, interference with the borrower's full use and enjoyment of the home,

4  conversion of personal property located within the home.

5      4.7    Despite extensive use of such agents, Wells Fargo does not adequately

6  train or supervise its agents, who frequently use personnel who have not been screened,

7  had a criminal background check, nor had a qualifications review performed.

8      4.8    Frequently, Wells Fargo or its agents inaccurately determine the

9  occupancy status of a home.

10      4.9    If a home is deemed vacant or abandoned, Wells Fargo orders its agent to

11  gain access the home by forcibly entering the home through locked doors or windows.

12  This includes by picking and breaking locks, and smashing in doors and windows.

13      4.10    Upon entry, Wells Fargo instructs its agents to remove all personal

14  property and belongings from the home, an act commonly known as "trashing out" the

15  property.

16      4.11    After a borrower's home has been trashed out, Wells Fargo does not

17  require its agents to store, preserve, or otherwise track the items that were trashed out of

18  the home.  Wells Fargo and/or its agents have no policy or procedure for returning

19  "trashed out" personal property to borrowers.

20      4.12    Wells Fargo instructs its agents to place their own locks and lock boxes on

21  the borrower's home and post a notice upon the borrower's home instructing the

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

borrower to contact Wells Fargo for access to the home.

4.13    When Wells Fargo learns that a homeowner wants access to his or her home, Wells Fargo does not:   (a) immediately provide access to the homeowner; (b) remove the locks that it had placed on the home; (c) restore the homeowner's locks to the home; or (d) return the locks to the homeowner.

4.14    When Wells Fargo learns that a homeowner wants personal property that was removed from the home returned, Wells Fargo does not return the personal property.

4.15    When Wells Fargo learns that a homeowner wants the damage to the home repaired, Wells Fargo does not repair the damage.

4.16    On information and believe, Wells Fargo's unfair and deceptive acts and practices described above are widespread, occurring throughout Washington State.

### *The Washington Supreme Court's Decision Invalidating the Deed of Trust Provisions in Jordan v. Nationstar Mortgage, LLC, No. 92081-8*

4.17    In 2012, a lawsuit entitled *Jordan v. Nationstar Mortgage, LLC*, was filed in Washington State Superior Court in Chelan County under Cause No. 12-2-00385-2. This lawsuit challenged the legality and enforceability of the form deed of trust entry provisions relied upon by mortgage lenders and servicers to enter borrowers' homes and "secure" their properties upon default, abandonment, or vacancy. *See* Exhibit A.

4.18    Following the grant of class certification in 2014, counsel for Nationstar removed the Complaint to the United States District Court for the Eastern District of Washington, where it was assigned to the Hon. Thomas O. Rice under Cause No. 2:14-cv-00175-TOR.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 8
1560702

Jeffers, Danielson, Soon & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

4.19    In 2015, the parties filed cross-motions for partial summary judgment, and on August 10, 2015, Judge Rice issued an Order Certifying Questions to Washington Supreme Court on the following bases:

> Put succinctly, this Court has been asked to decide whether so-called Entry Provisions within the deeds of trust of Plaintiff and other class members are enforceable under Washington law absent post-default consent of the borrower or permission from a court. Nationstar contends the Provisions—akin to a limited license or similar non-possessory interest in land—merely grant the lender the ability to enter, maintain, and secure the encumbered property and that such conduct does not constitute possession in violation of Washington's lien theory of mortgages. Ms. Jordan, on the other hand, contends the Entry Provisions unlawfully deprive a borrower of her exclusive right to possession prior to foreclosure and that the borrower cannot agree by contract to relinquish such right prior to default. Instead, Ms. Jordan asserts that the lender either must obtain post-default consent of the borrower or a court-appointed receiver pursuant to RCW chapter 7.60.
>
> Because of the complexity of the state law issues presented in the parties' cross-motions for partial summary judgment and their significant policy implications, this Court finds that the Washington Supreme Court, which has not had occasion to settle these issues, "is better qualified to answer the certified questions in the first instance." . . . Further, this Court finds the Washington Supreme Court's answers are "necessary . . . in order to dispose of [this] proceeding."

Exhibit B at pp. 3-4 (internal citations omitted).

4.20    Judge Rice then certified, *inter alia*, the following question of law to the Washington Supreme Court:

> (1) Under Washington's lien theory of mortgages and RCW 7.28.230(1), can a borrower and lender enter into

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 9
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

> a contractual agreement prior to default that allows the
> lender to enter, maintain, and secure the encumbered
> property prior to foreclosure?

*Id.* at p. 10.

4.21    On August 18, 2015, the Washington Supreme Court sent a letter accepting Judge Rice's Order Certifying Questions under Supreme Court No. 92081-8, and set a briefing schedule for the parties. Exhibit C.

4.22    The parties timely submitted their briefs, and oral argument took place before the Washington Supreme Court on January 19, 2016.

4.23    On July 7, 2016, the Washington Supreme Court issued its *En Banc* Opinion in *Jordan v. Nationstar Mortgage, LLC*, No. 92081-8, answering "the first certified question in the negative." Exhibit D at p. 6. The Court explained, "Our case law is clear that Washington law prohibits a lender from taking possession of property before foreclosure of the borrower's home." *Id.* at p. 8. The Court concluded that the deed of trust entry provisions allow the lender to take possession of the borrower's home in advance of the conclusion of a foreclosure of the borrower's home:

> From any approach, we find that Nationstar's conduct
> constituted possession. . . . Nationstar's vendor's actions
> constituted possession because its actions are representative
> of control.  The vendor drilled out Jordan's existing locks
> and replaced the lock with its own. . . . [A]lthough [Jordan]
> was able to obtain a key by calling, the process made
> Nationstar the "middle man."  She could no longer access
> her home without going through Nationstar. . . . Nationstar
> effectively ousted Jordan by changing her locks, exercising
> control over the property. . . . Changing the locks is akin to
> exercising control, which is the key element of possession.
> By changing the locks, Nationstar took possession of the

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 10
1500702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

property.  Since these actions are authorized by the entry provisions, the entry provisions allow the lender to take possession of the property.  Because Washington law prohibits lenders from taking possession of the borrower's property before foreclosure, the provisions are in conflict with state law.  Therefore, we must answer the first certified question in the negative and find that the entry provisions are unenforceable.

*Id.* at pp. 12-14.

4.24    The Court concluded: "[T]he entry provisions are in direct conflict with state law and are unenforceable." *Id.* at p. 20.

4.25    Based on *Jordan,* Wells Fargo has no legal right to engage in its common practice of forcible entry into pre-foreclosure homes, damage to borrowers' real and person property, conversion of borrowers' personal property and belongings located within the home, and interference with borrowers' full use and enjoyment of their properties prior to the completion of a foreclosure.

## V.    REPRESENTATIVE PLAINTIFF RHODES

5.1    Representative Plaintiff Rhodes is just one example of Wells Fargo's common pattern and practice of unlawfully entering upon borrowers' properties in advance of any foreclosure proceedings, damaging borrowers' real property, converting borrowers' personal property, and denying borrowers' the full use and enjoyment of their property prior to completion of a foreclosure.

5.2    Representative Plaintiff Rhodes, at all times material hereto, owned a single family home located at 4591 Sherman Road, Deer Park, Washington 99006 (the "Rhodes Property").

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 11
1560703

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

5.3    At all times relevant hereto, Wells Fargo was the beneficiary of a deed of trust secured by the Rhodes Property and recorded under Steven's County Auditor Number 2008 0001426 (the "Deed of Trust"), on February 13, 2008.

5.4    The Deed of Trust contains a provision which states that, if Ms. Rhodes abandoned the Rhodes Property, the lender (Wells Fargo) may do whatever is reasonable and appropriate to protect the lender's interest in the Rhodes Property and secure the Rhodes Property, including entering the Rhodes Property to change the locks (the "Entry Provision").

5.5    Ms. Rhodes lawfully owned the Rhodes Property when it was entered upon by Wells Fargo or its agents.

5.6    At the time of the entry, the loan securing the Rhodes Property was in default, but no foreclosure proceedings had been initiated.

5.7    At the time of the entry, the form deed of trust provision purporting to authorize Wells Fargo's presence on the Rhodes Property in the event of default was unenforceable as contrary to Washington State law, pursuant to *Jordan v. Nationstar Mortgage*.

5.8    At the time of the entry, the Rhodes Property was neither vacant nor abandoned.

5.9    To gain entry to the Rhodes Property, Wells Fargo or its agent damaged the Rhodes Property, including damaging locks and a doors.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 12
.1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1    5.10    While on the Rhodes Property, Wells Fargo or its agent changed the locks

2    upon the Rhodes Property, boarded up a door, and removed personal property from the

3    Rhodes Property, including two door locks and other items.

4    5.11    Before leaving, Wells Fargo or its agent left a notice on the Rhodes

5    Property directing the owner to contact Wells Fargo or its agent for access to the Rhodes

6    Property and additional information.

7    5.12    Upon returning to the Rhodes Property, Ms. Rhodes discovered the

8    Rhodes Property had been entered upon and the locks had been changed.  Ms. Rhodes

9    was able to access the interior of the house through one door whose lock had not been

10   adequately changed.  Once inside, Ms. Rhodes discovered the home had been winterized,

11   damaged, and items of personal property were missing.

12   5.13    At no time did Wells Fargo or its agent remove its locks or lock box from

13   the Rhodes Property, return or replace the original locks upon the Rhodes Property,

14   return or replace the missing items of personal property, or repair or reimburse Ms.

15   Rhodes for the damaged caused to the Rhodes Property.

16   5.14    The exact value of the personal property converted from the Rhodes

17   Property is unknown at this time, but is believed to exceed $1,000.00.

18   5.15    The exact value of the damage to the Rhodes Property is unknown at this

19   time, but multiple doors, locks, and other items suffered damage.

20   5.16    The exact value of the precluded rents arising from the denial of the full

21   use and enjoyment of the Estate's real and/or personal property is unknown at this time.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 13
1360702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

5.17    On information and belief, the actions and inactions alleged above are part of Wells Fargo's common business acts and practices.

## VI.    PROPRIETY OF CLASS ACTION PROSECUTION

### *Proposed Class Definition*

6.1    The members of the proposed Class include all Citizens of Washington State:

(a) who own or owned real property in Washington State subject to a loan that was in default;

(b) which property, within the applicable statute of limitations, was entered upon by Wells Fargo and/or its agents prior to the completion of any judicial or non-judicial foreclosure; and

(c) which entry upon the property by Wells Fargo and/or its agents was the proximate cause of damage to the homeowner by:

(i)    damaging the homeowner's real or personal property; and/or

(ii)   converting the homeowner's personal property or belongings; and/or

(iii)  interfering with the homeowner's full use and enjoyment of the home.

### *CR 23(a)(1): Numerosity*

6.2    The exact number of persons and/or entities similarly situated to the

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 14
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  Representative Plaintiff is currently unknown.

2       6.3     However, on information and belief, Wells Fargo's unlawful acts and

3  practices are widespread throughout Washington State.

4       6.4     Moreover, Defendant Wells Fargo is a wholly-owned subsidiary of Wells

5  Fargo & Company (NYSE: WFC), which boasts online that it is "one of the nation's

6  largest financial institutions" (https://www.wellsfargodealerservices.com/), with $1.9

7  trillion in assets (https://www08.wellsfargomedia.com/assets/pdf/about/corporate/wells-

8  fargo-today.pdf), and claims to do business with 70 million customers and one in three

9  U.S. households. Id. Wells Fargo & Company reports that it is an industry leader and

10 "#1" as a "Home loan originator to minority and low- to moderate-income homebuyers,

11 and in low- to moderate-income neighborhoods," based on 2015 HMDA data. Id. It

12 further advertises itself as "#1" as a "Home loan servicer," based on 1Q16 *Inside*

13 *Mortgage Finance*. Id. It further boasts it was ranked "#1" as "U.S. Bank Lender of the

14 Year (2014-2015)" by Real Estate Capital Awards, and "#1" as "Asset-based Lender of

15 the Year (2015)" by *Real Deals*. Id. And it lists itself as "#1" as an "Affordable housing

16 lender (2015)" by MBA Commercial/Multifamily Origination Rankings. Id.

17      6.5     For these reasons, it is estimated that the number of persons similarly

18 situated to the Representative Plaintiff number in the hundreds to thousands or more;

19 therefore, joinder of each individual proposed Class member is impracticable.

20      6.6     In addition, the exact number of persons similarly situated to the

21 Representative Plaintiff may be identified from Wells Fargo's records of borrowers in

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 15
1560703

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  default and residences serviced in Washington State during the applicable statute of

2  limitations, and such persons may be identified with particularity through appropriate

3  judicial discovery procedures, such that it would be possible to give such persons actual

4  notice of these proceedings, if required.

5  ### *CR 23(a)(2): Commonality*

6  6.7   There are questions of law and fact common among the claims of the

7  proposed Class Members, including but not limited to:

8  (a)  the common actions Wells Fargo takes on proposed class members'

9  properties prior to completion of "foreclosure";

10  (b)  Wells Fargo's common policies or practices vis-à-vis actions it takes

11  upon proposed class members' properties;

12  (c)  Wells Fargo's common policies or practices for securing agents to

13  perform the actions it takes upon proposed class members' properties;

14  (d)  the manner, if any, in which Wells Fargo instructs or trains it agents

15  that take action upon proposed class members' properties;

16  (e)  the level of supervision, if any, offered by Wells Fargo over its agents

17  who take action on proposed class members' properties.

18  6.8   Additional common questions of law and fact are addressed below under

19  *CR 23(b)(3): Predominance.*

20  ### *CR 23(a)(3): Typicality*

21  6.9   The claims of the Representative Plaintiff are typical of the claims of the

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 16
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   class.

2        6.10   Representative Plaintiff Rhodes owned the Rhodes Property at the time it

3   was entered upon by Wells Fargo or its agents.

4        6.11   As such, Representative Plaintiff Rhodes and all members of the class own

5   or owned real property in Washington State, who, prior to completion of any judicial or

6   non-judicial foreclosure, had their property entered upon by Wells Fargo or its agents for

7   purposes of conducting property preservation services upon their property, had their real

8   or personal property located thereon damaged and/or removed by Wells Fargo or its

9   agents, and were denied the full use and enjoyment of their real and/or personal property

10  by Wells Fargo or its agents.

11       6.12   As a result, Representative Plaintiff Rhodes and all putative class

12  members have been damaged by Wells Fargo's actions, which actions constitute common

13  violations of laws enacted for the protection of Washington State citizens.

14       6.13   Furthermore, Wells Fargo's defenses to the claims of Representative

15  Plaintiff Rhodes and the proposed class members will be identical due to:  (i) Wells

16  Fargo's reliance on a form of deed of trust provision purporting to allow so-called

17  preservation services; (ii) Wells Fargo's common policies and practices vis-à-vis its

18  retention and supervision of agents, performance of preservation services, scope of

19  preservation services performed, its response to consumer complaints, and its response to

20  borrower requests for repair to and return of their property and requests for restoration of

21  full and unfettered access to their property.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 17
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA / 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1    6.14    In short, because all claims implicate common facts and questions of law,

2    Wells Fargo's defenses will too.

3    ***CR 23(a)(4):  Adequacy of Representation***

4    6.15    Representative Plaintiff Rhodes will fairly and adequately protect the

5    interests of the class.

6    6.15.1  Representative Plaintiff Rhodes comes before this Court as owner

7    of Property that was trespassed upon, damaged, converted, and interfered with.

8    6.15.2  Representative Plaintiff is in the same capacity as any other litigant

9    seeking redress for grievances and class relief for the harm which has occurred.

10    6.15.3  Representative Plaintiff has no interests that are antagonistic to

11    those of the class, and is ready and willing to bring this class action in a representative

12    capacity on behalf of the proposed class.

13    6.16    Plaintiff's counsel will fairly and adequately prosecute the case on behalf

14    of the proposed class.

15    6.16.1  Attorneys  Jeffers,  Danielson,  Sonn  &  Aylward,  P.S.,  are

16    experienced  trial  attorneys  who  have  engaged  in  extensive  trial  practice  and  have

17    considerable experience in all aspects of class action litigation from several other class

18    action cases.

19    6.16.2  Plaintiff's  counsel  have  the  necessary  skills,  expertise,  and

20    competency to adequately represent the Representative Plaintiff's interests and those of

21    the class.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 18
1360702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

### *CR 23(b)(2):  Injunctive Relief*

6.17    Wells Fargo has acted or refused to act on grounds generally applicable to the Representative Plaintiff and all class members, thereby making appropriate final injunctive relief.

6.18    As detailed throughout this Complaint, Wells Fargo or its agents have a common practice of entering upon Washington borrowers' properties for purposes of conducting property preservation services thereupon, damaging or removing borrowers' real or personal property located therein, and denying borrowers the full use and enjoyment of their real and/or personal property.

6.19    Wells Fargo further has a common practice of not adequately training and supervising its agents in the performance of so-called property preservation services, and even instructing its agents to perform certain destructive and disruptive acts.

6.20    Wells Fargo further has a common practice of not repairing, replacing, or reimbursing borrowers when they report property damage as a result of the above acts.

6.21    Wells Fargo has acted in such manners as applicable to Representative Plaintiff Rhodes and all class members.

6.22    For these reasons, Plaintiff seeks class-wide injunctive relief against Wells Fargo to restrain and enjoin these behaviors.

### *CR 23(b)(3):  Predominance*

6.23    Numerous legal and factual questions pertaining to the proposed class members predominate over any questions affecting only individual members, including

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 19
1560703

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   but not limited to the following:

2         6.23.1  Form Contract Provisions.  Plaintiff will be able to establish the

3   elements of the claims using evidence common to the class because Wells Fargo finds its

4   purported authority to enter upon borrowers' properties from unlawful form contract

5   provisions applicable to all borrowers' properties.   These contract provisions are

6   substantively identical in all cases.  All such substantively identical form deed of trust

7   provisions were found on July 7, 2016, to be "in direct conflict with state law and . . .

8   unenforceable" by the Washington Supreme Court in *Jordan v. Nationstar Mortgage*.

9   Exhibit D at p. 20.  Such provisions are common to all putative class members and do not

10  involve individualized inquiries.

11        6.23.2  The Identity of the Property Owner.  Still another element subject

12  to common proof is the identity of the property owner.  As the proposed class concerns

13  only those properties entered upon by Wells Fargo prior to completion of any judicial or

14  non-judicial foreclosure, there are no individual questions concerning the identity of the

15  rightful property owner—*the borrower* owned the property at the time of entry, not

16  anyone else.  This is further detailed in the *Jordan v. Nationstar Mortgage* opinion, in

17  which the Washington Supreme Court reaffirmed the borrower's right to exclusive

18  possession of the property prior to the completion of any foreclosure proceedings.

19  Exhibit D.

20        6.23.3  Wells Fargo's Relationship with its Agents.  Plaintiff will be able

21  to establish the elements of her claims using evidence common to the class because the

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

primary inquiries involve *Wells Fargo's* conduct. That is, Wells Fargo has a common

policy and practice of training and instructing its agents to enter properties, prior to

completion of any foreclosure. Wells Fargo further instructs its agents to use whatever

means necessary to enter properties, including drilling out the borrower's locks, and,

once inside, agents are instructed to, *inter alia*, "trash out" the premises by taking and

carrying away personal property found therein. Thus, evidence common to all members

of the class includes Wells Fargo's selection of, screening of, training of, instructions to,

and oversight of employees/agents. Such evidence is common to all putative class

members and does not involve individualized inquiries.

6.23.4 The Conduct of Wells Fargo's Agents in Entering and Damaging

or Converting Borrowers' Property. Plaintiff will be able to establish the elements of her

claims using evidence common to the class because, as to all putative class members,

Wells Fargo's agents acted similarly while on borrowers' properties; namely, they: (a)

committed unauthorized entry upon borrowers' properties; (b) conducted unlawful

forcible entries involving damage to existing locks, doors and/or windows; (c) damaged

and converted personal property found thereon; and (d) interfered with borrowers' full

use and enjoyment of their properties. This theory is common to all putative class

members and does not involve individualized inquiries.

6.23.5 Wells Fargo's Policies and Procedures for Responding to

Customer Complaints. Plaintiff will be able to establish the elements of her claims using

evidence common to the class because Wells Fargo's policies and procedures for

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 21
1360702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   responding to customer complaints of its agents' entry, conversion of borrowers'

2   property, and interference with borrowers' full use and enjoyment of their property are

3   the same in all cases. That is, Wells Fargo does not immediately restore possession of the

4   property to the owner, does not return or replace the property's original locks, does not

5   remove its locks from the property upon demand, and does not return or replace personal

6   property removed from the property. These facts are common to all putative class

7   members and do not involve individualized inquiries.

8           6.23.6 _Class Members' Damages._ Plaintiff will be able to establish the

9   elements of her claims using evidence common to the class because all putative class

10   members suffered the same type of damage; namely, injury to real and/or personal

11   property from Wells Fargo's forcible entry, damage to and/or conversion of personal

12   property, and interference with the full use and enjoyment of the property by the

13   borrower. This fact is common to all putative class members and will not require

14   individualized inquiries.

15           6.24   As a result, the prosecution of a class action is superior to other available

16   methods for the fair and efficient adjudication of this controversy.

17           6.25   Individual actions are not likely to seek sufficient damages to warrant

18   assuming the cost of litigation. Here, the damages sustained by each putative class

19   member are not large, generally including damage to doors, windows, and/or personal

20   property within the residence. Therefore, each putative class member will have difficulty

21   maintaining an individual action, and a class action is a superior method to adjudicate

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   their claims.

2       6.26   In addition, hundreds to thousands (or more) of individual actions would

3   greatly congest the Washington State courts.

4       6.27   A class action is the most cost-effective way for consumers to prevent

5   future economic and pecuniary loss to hundreds to thousands (or more) of Washington

6   citizens and members of the public at large by Wells Fargo.

7       6.28   This action is superior to any other available method for the fair and

8   efficient adjudication of the controversy.

9   

**VII.   FIRST CAUSE OF ACTION:
COMMON LAW TRESPASS**

10

11       7.1   Wells Fargo and/or its agents wrongfully and intentionally entered onto

12   the Rhodes Property and properties owned by borrowers throughout the state of

13   Washington in advance of the conclusion of any foreclosure proceedings.

14       7.2   As detailed by the Washington Supreme Court in *Jordan v. Nationstar

15   Mortgage*, prior to the completion of any foreclosure proceedings, the borrower has the

16   exclusive right to possess their property, and Wells Fargo has no legal right to be there.

17   <u>Exhibit D</u>. Therefore, Wells Fargo's entry upon borrowers' properties is an invasion that

18   affects the borrower's interest in their exclusive possession of the property.

19       7.3   Wells Fargo's intent to invade borrowers' possessory interests is

20   demonstrated by its claimed authority purportedly granted in its form deed of trust

21   provisions, which claim to permit such entries in the event of default or abandonment of

properties—which the Washington Supreme Court recently invalidated.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

7.4    Such intent to enter is further evidenced by Wells Fargo's or its agents' acts of changing borrowers' locks, performance of so-called "preservation services" on borrowers' properties, and the notices left for homeowners to contact Wells Fargo to obtain entry to their properties.

7.5    Wells Fargo remained on the Rhodes Property and on borrowers' properties during the period of entry and thereafter by changing the locks and requiring borrowers to contact Wells Fargo in order to regain full access to their properties.

7.6    It was reasonably foreseeable that Wells Fargo's unauthorized and unlawful entries onto borrowers' properties in advance of the conclusion of any foreclosure proceedings would invade borrowers' possessory interests in those properties.

7.7    As a result of Wells Fargo's acts as detailed above, Representative Plaintiff Rhodes and borrowers suffered the damages detailed herein in an amount to be proven at trial.

## VIII.    SECOND CAUSE OF ACTION:
### INTENTIONAL TRESPASS (RCW 4.24.630)

8.1    Wells Fargo entered onto the Rhodes Property and properties owned by borrowers throughout the state of Washington.

8.2    Wells Fargo intentionally, unreasonably, and forcibly entered onto such properties, and intentionally and unreasonably damaged or removed property thereon.

8.3    For example, Wells Fargo damaged locks and doors on the Rhodes Property, kept the locks, removed personal property from the Rhodes Property, and denied Representative Plaintiff Rhodes the full use and enjoyment of her personal and

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 24
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

real property.

8.4    Wells Fargo intended to act in this manner, as evidenced by its instruction to its agents to engage in these behaviors, and its deliberate acts to engage in these behaviors.

8.5    Wells Fargo knew or had reason to know that it had no authorization to engage in such behaviors because the form contract provisions it relied upon — while unlawful — nevertheless do not authorize damage to real or personal property, do not authorize conversion of personal property located upon or within a property, and do not authorize interference with the owner's (or other lawful occupant's) full use and enjoyment of the property.

8.6    Wells Fargo engaged in the above actions wholly without permission of Representative Plaintiff Rhodes or other Washington borrowers.

8.7    It was substantially certain that Wells Fargo's and/or its agents' above-described actions would damage the Rhodes Property and the properties of other Washington borrowers.

8.8    Wells Fargo's actions are part of its common practice relative to countless Washington borrowers.

8.9    As a result, Wells Fargo wrongfully caused waste or injury to these properties, or wrongfully injured personal property or improvements to real estate on land.

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 25
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

8.10   Wells Fargo's actions above each constitute separate violations of RCW 4.24.630.

8.11   As a direct and proximate result of Wells Fargo's and/or its agents' violations of RCW 4.24.630, Representative Plaintiff Rhodes and class members have suffered damages to their real and personal properties in an amount to be proven at trial.

8.12   Wells Fargo is liable to Representative Plaintiff Rhodes and class members for treble the amount of damages caused by its violations of RCW 4.24.630.

8.13   Wells Fargo is liable to Representative Plaintiff Rhodes and class members for their reasonable attorneys' fees and costs pursuant to RCW 4.24.630.

8.14   Wells Fargo is liable to Representative Plaintiff Rhodes and class members for their reasonable attorneys' fees and costs pursuant to RCW 4.24.630.

## IX.   THIRD CAUSE OF ACTION:
### VIOLATION OF CONSUMER PROTECTION ACT (RCW 19.86, *et seq.*)

9.1   <u>Wells Fargo Engaged in Unfair or Deceptive Acts and Practices.</u>

9.1.1   The following actions of Wells Fargo constitute unfair *and* deceptive acts and practices for the purposes of RCW 19.86, *et seq.*:   Wells Fargo's common practices of unlawfully entering borrowers' properties in advance of the conclusion of any foreclosure proceedings; forcible entries via drilling out existing door locks; keeping the locks; damaging doors and windows, removing personal property; refusing to refund, repair, or compensate for damage caused and property taken; denying owners or legal occupants the full use and enjoyment of their real and/or personal property; and failing to respond or timely respond to demands for repairs, return of

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 26
1566702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  property, and access to their property.

2          9.1.2    These acts are unfair because the Washington Supreme Court in

3  *Jordan v. Nationstar Mortgage* recently deemed such practices a clear violation of

4  Washington state law, and the deed of trust provisions purporting to authorize them

5  unenforceable as contrary to law.  These acts are further unfair because of the unequal

6  bargaining power between the individual homeowner or occupant and a large, multi-

7  national company who (or on whose behalf its agents) forcibly enters properties, drills

8  out the existing locks, places its own locks on the properties, interferes with owners' or

9  legal occupants' full use and enjoyment of the properties, converts personal property

10  located upon the properties, and refuses to return or replace damaged or converted

11  property to the rightful owner.

12          9.1.3    These acts are deceptive because when Wells Fargo or its agents

13  perform them, the property owner is unaware that they are occurring, and such acts are

14  not authorized via any form deed of trust provision.

15          9.1.4    Wells Fargo engaged in similar unfair and deceptive acts and

16  practices vis-à-vis many Washington borrowers.

17          9.2      <u>Wells Fargo's Acts Occurred in Trade or Commerce.</u>    Wells Fargo's

18  unfair and deceptive acts occurred in trade or commerce because, on information and

19  belief, Wells Fargo is one of the largest lenders in the country and was the lender in

20  charge of servicing the Rhodes Property/class members' properties at the time of the

21  challenged acts.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

9.3     Wells Fargo's Acts Impact the Public Interest.

        9.3.1    Wells Fargo's unfair or deceptive acts impacted the public interest because they were committed in the course of Wells Fargo's business, Wells Fargo advertises similar services to the public in general, and Wells Fargo and Representative Plaintiff Rhodes/class members (as an individual consumers) occupy unequal bargaining positions.

        9.3.2    Wells Fargo engages in a course of conduct whereby the same or similar unfair or deceptive acts are repeated as to borrowers across Washington State.

        9.3.3    There exists a real and substantial potential for repetition of Wells Fargo's conduct in the future because, on information and belief, Wells Fargo is one of the largest lenders in the country.

9.4     Causation.

        9.4.1    Causation is satisfied through the common proof that Wells Fargo's policy and practice is to instruct its agents to enter borrowers' homes, to do so forcibly, to remove personal property therefrom, and to place and maintain its own locks and lock boxes on borrowers' properties.

        9.4.2    These common instructions proximately cause borrowers' damages because, *but for* Wells Fargo's instructions to its agents, there would be no entry, conversion, or interference resulting in damage to borrowers.

9.5     Injury to Business or Property.  As a direct and proximate result of Wells Fargo's unfair or deceptive acts as set forth above, Representative Plaintiff Rhodes and

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  class members have suffered injury to their properties in an amount to be proven at trial.

2      9.6    Wells Fargo's above-listed unfair or deceptive acts constitute violations of

3  RCW 19.86, *et seq.*

4      9.7    Wells Fargo is liable to Representative Plaintiff Rhodes and class

5  members for treble the amount of their damages, including those arising from the

6  interference with the full use and enjoyment of their real and/or personal properties,

7  caused by the violations of RCW 19.86, *et seq.*

8      9.8    Wells Fargo is liable to Representative Plaintiff Rhodes and class

9  members for their reasonable attorneys' fees and costs pursuant to RCW 19.86, *et seq.*

10          X.     **FOURTH CAUSE OF ACTION:**
                        **CONVERSION**

11

12     10.1    Wells Fargo instructs its agents to remove personal property and

13  belongings from borrowers' residences in the course of "preservation services."

14     10.2    Representative Plaintiff Rhodes and class members enjoyed a possessory

15  property interest in the personal property that Wells Fargo or its agents removed from the

16  borrowers' properties because the locks and other items that were taken belonged to

17  Representative Plaintiff Rhodes and class members.

18     10.3    Wells Fargo's removal was unjustified because Wells Fargo intentionally

19  removed personal property belonging to Representative Plaintiff Rhodes and class

20  members, without consent or permission and without authority of the court.

21     10.4    Wells Fargo's acts constitute willful interference with chattel because

    Wells Fargo acted intentionally and its acts of removal deprived Representative Plaintiff

---

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 29
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  Rhodes and class members of the possession and control of their personal property.

2      10.5    To date, Wells Fargo has not returned the personal property it took from

3  Representative Plaintiff Rhodes and class members' properties.

4      10.6    Such failure to return constitutes an unjustified and willful interference

5  with Representative Plaintiff Rhodes and class members' personal property, and

6  demonstrates an intent to exercise permanent dominion or control over Representative

7  Plaintiff Rhodes and class members' personal property.

8      10.7    Wells Fargo's unjustified interference with Representative Plaintiff

9  Rhodes and class members' personal property with intent to exercise dominion and

10  control of the personal property without lawful justification constitute acts of conversion.

11      10.8    As a direct and proximate result of Wells Fargo's conversion,

12  Representative Plaintiff Rhodes and class members suffered damages in an amount to be

13  proven at trial.

14  **PRAYER FOR RELIEF**

15      WHEREFORE, Representative Plaintiff Rhodes, and on behalf of others similarly

16  situated, demands judgment against Wells Fargo as follows:

17      1.    For entry of a judgment in favor of Representative Plaintiff Rhodes and

18  class members against Wells Fargo for damages in an amount to be proven at trial,

19  including treble damages pursuant to RCW 4.24.630, RCW 19.86.090, and/or other

20  applicable law;

21

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 30
1560702

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

2.      For entry of a judgment in favor of Representative Plaintiff Rhodes and class members and against Wells Fargo for reasonable attorneys' fees and costs pursuant to RCW 4.24.630, RCW 19.86.090, and/or other applicable law;

3.      For injunctive relief restraining Wells Fargo from further violation of RCW 19.86, *et seq.*, as alleged herein; and

4.      For such other and further relief as the Court deems just and equitable.

DATED this 8th day of December, 2016.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.

By _____
   CLAY M. GATENS, WSBA No. 34102
   SALLY F. WHITE, WSBA No. 49457
   Attorneys for Plaintiff

COMPLAINT FOR CLASS ACTION AND
DAMAGES
Page 31
1560702