UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.  3:18-cv-00485-BJD-PDB |
| WELLS FARGO BANK, N.A.,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>Counterclaim Defendant, | |

**PLAINTIFF HARTFORD FIRE INSURANCE COMPANY'S ANSWER AND ADDITIONAL DEFENSES TO COUNTERCLAIM OF DEFENDANT WELLS FARGO BANK, N.A.**

Plaintiff Hartford Fire Insurance Company ("Hartford"), through its undersigned counsel, hereby answers the Counterclaim of Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  Any allegations not expressly admitted, denied, qualified, or otherwise responded to in the following paragraphs are hereby denied.

**Parties**

1. Hartford admits the allegations in Paragraph 1.

2. Hartford admits the allegations in Paragraph 2.

## Jurisdiction

3. Hartford admits the allegations in Paragraph 3.

4. Hartford admits the allegations in Paragraph 4.

## The Underlying Action

5. Hartford admits the allegations in Paragraph 5.

6. The allegations in Paragraph 6 consist of legal conclusions, to which no response is required.  To the extent a response is required, the *Rhodes* Complaint speaks for itself and Hartford denies the allegations in Paragraph 6 to the extent inconsistent with that complaint.

## The Hartford Policies

7. Hartford admits that it issued the following series of policies to Fidelity National Financial, Inc. ("Fidelity") and its predecessor, Lender Processing Services, Inc. ("LPS"):  (a) Policy No. 20 CSE R20202 to LPS for policy periods July 1, 2011 to July 1, 2012, July 1, 2012 to July 1, 2013, and July 1, 2013 to July 1, 2014; (b) Policy No. 20 CSE 90920 to Fidelity for policy periods January 1, 2014 to January 1, 2015 and January 1, 2015 to November 15, 2015; and (c) Policy No. 20 CSE 90929 to Fidelity for policy periods November 15, 2015 to November 15, 2016, November 15, 2016 to November 15, 2017, and November 15, 2017 to November 15, 2018 (collectively, the "Hartford Policies").  Hartford denies the remaining allegations in Paragraph 7.

8. Hartford admits that the Hartford Policies contain limits of liability and deductibles as stated in Paragraph 8, but denies that the Hartford Policies provide coverage to Wells Fargo for the *Rhodes* Lawsuit and refers to the Hartford Policies for their precise terms, conditions, and exclusions.

9. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 9, but denies that Paragraph 9 contains a complete quotation of the relevant policy language. Hartford further denies that the Hartford Policies provide coverage to Wells Fargo for the *Rhodes* Lawsuit and refers to the Hartford Policies for their precise terms, conditions, and exclusions.

10. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 10 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

11. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 11 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

12. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 12 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

13. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 13 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

14. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 14 and states further that the quotation is incomplete and that

coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

15. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 15 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

16. Denied as stated. Hartford admits that the Hartford Policies contain the language quoted in Paragraph 16 and states further that the quotation is incomplete and that coverage under the Hartford Policies is subject to additional terms, limitations and exclusions.

## Insurance Coverage for the *Rhodes* Lawsuit

17. Hartford denies the allegations as stated in Paragraph 17 and refers to the Complaint in the *Rhodes* Lawsuit for its precise allegations.

18. Hartford denies the allegations as stated in Paragraph 18 and refers to the Complaint in the *Rhodes* Lawsuit for its precise allegations.

19. The allegations in Paragraph 19 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 21.

22. Hartford admits that it denied coverage to Wells Fargo for the *Rhodes* Lawsuit by letter dated April 12, 2018.

23. Hartford admits the allegations in Paragraph 23.

## COUNT I: DECLARATORY JUDGMENT

24. Hartford incorporates and adopts by reference its responses to the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25. Hartford admits the allegations in Paragraph 25.

26. The allegations in Paragraph 26 consist of legal conclusions and characterizations of the relief sought by Wells Fargo to which no response is required. To the extent a response is required, Hartford denies that Wells Fargo is entitled to relief from Hartford.

27. The allegations in Paragraph 27 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 30.

## COUNT II:  BREACH OF CONTRACT

31. Hartford incorporates and adopts by reference its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

32. The allegations in Paragraph 32 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 33.

34. The allegations in Paragraph 34 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35 consist of legal conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations in Paragraph 35.

36. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Wells Fargo's Counterclaim may be subject to dismissal for failure to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Hartford's obligations, if any, to an insured are defined by the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of the Hartford Policies, including, without limitation, conditions precedent, limitations on attachment, limits of liability, per occurrence and aggregate limits, policy period, requirements of exhaustion of other insurance, and notice requirements, and any such coverage obligations cease upon the exhaustion of the applicable limits of coverage.

### THIRD ADDITIONAL DEFENSE

Coverage for the *Rhodes* Lawsuit is barred to the extent that Wells Fargo is not an "insured" under any of the Hartford Policies with respect to the *Rhodes* Lawsuit.

### FOURTH ADDITIONAL DEFENSE

The *Rhodes* Lawsuit does not seek damages for "bodily injury," "property damage," or "personal and advertising injury," arising from a covered "occurrence" as those terms are defined in the Hartford Policies.

### FIFTH ADDITIONAL DEFENSE

Hartford has no coverage obligations to the extent that the settlement of the *Rhodes* Lawsuit is not for amounts it is legally obligated to pay "as damages" on account of "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the Hartford Policies.

## SIXTH ADDITIONAL DEFENSE

Coverage for the *Rhodes* Lawsuit is barred by exclusions contained in the Hartford Policies, including the exclusions identified in Paragraphs 33 through 38 of Hartford's Complaint.

## SEVENTH ADDITIONAL DEFENSE

Coverage for the *Rhodes* Lawsuit is barred to the extent that Wells Fargo failed to comply with applicable conditions of the Hartford Policies, including the requirement that timely notice be given to Hartford and that Hartford be permitted to associate in the defense.

## EIGHTH ADDITIONAL DEFENSE

Wells Fargo's Counterclaim is barred to the extent that Wells Fargo seeks defense or indemnification for liability arising out of an insured's conduct in express disregard of its legal obligations under state, federal, or local laws and regulations.

## NINTH ADDITIONAL DEFENSE

Wells Fargo's Counterclaim is barred to the extent that it seeks coverage for punitive or exemplary damages, fines, penalties, or costs or damages that are uninsurable as a matter of public policy.

## TENTH ADDITIONAL DEFENSE

Hartford has no coverage obligations for unreasonable or unnecessary defense costs, or for settlements that are unreasonable or not entered in good faith.

## ELEVENTH ADDITIONAL DEFENSE

Hartford reserves the right to assert additional defenses upon further discovery of Wells Fargo's claims, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hartford Fire Insurance Company requests entry of a declaratory judgment finding and declaring:

a.  That Hartford Fire Insurance Company has no duty to defend Wells Fargo in connection with the *Rhodes* Lawsuit;

b.  That Hartford Fire Insurance Company has no duty to indemnify Wells Fargo in connection with the *Rhodes* Lawsuit;

c.  That the Court award Hartford Fire Insurance Company its attorney fees and costs; and

d.  That the Court adjudge and declare that Hartford Fire Insurance Company is entitled to such further relief as may be necessary and proper.

Respectfully submitted,

Dated: April 17, 2019

/s/ James P. Ruggeri
James P. Ruggeri (*pro hac vice*)
Joshua D. Weinberg (*pro hac vice*)
Alison P. Baker (Florida Bar Id: 0114041)
Shipman & Goodwin LLP
1875 K Street NW, Suite 600
Washington, DC 20006
Tel: (202) 469-7750
jruggeri@goodwin.com
jweinberg@goodwin.com
abaker@goodwin.com

*Counsel for Plaintiff Hartford Fire Insurance Company*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2019, a true and correct copy of the foregoing document was served by ECF and electronic mail to the below service list.

/s/ Joshua P. Mayer

SERVICE LIST

Hayden P. O'Byrne, Esq.
Florida Bar No. 60024
**K&L Gates LLP**
Southeast Financial Center
200 S Biscayne Blvd, Suite 3900
Miami, FL 33131-2370
Telephone: 305-539-3381
Fax: 305-358-7095
Email: hayden.obyrne@klgates.com

Steven P. Wright, Esq. (*pro hac vice*)
David E. Fialkow, Esq. (*pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: 617-261-3100
Fax: 617-261-3175
Email: steven.wright@klgates.com
Email: david.fialkow@klgates.com